**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABDOUL RAHIMY BAH,<br><br>                              Petitioner,<br><br>    v.<br><br>PATRICK DIVVER, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-01453-BAS-DDL<br><br>**ORDER DENYING MOTION TO ENFORCE JUDGMENT (ECF No. 7)** |

On March 17, 2026, this Court granted a Petition for Writ of Habeas Corpus pursuant to § 2241 and ordered that Petitioner be granted a bond hearing before an Immigration Judge. (ECF No. 5.)  At that hearing, the Court ordered that the Government should have the burden to prove by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight.  (*Id.*)  The Government complied with the Court's order and held such a bond hearing.  However, the Immigration Judge found Petitioner was "an extreme flight risk" and denied bond.  (ECF No. 9-1.)

Petitioner now files this Motion to Enforce Judgment, arguing that the Immigration Judge's ruling: (1) did not apply the proper burden of proof;  (2) failed to sufficiently analyze factors under the case of *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006); and (3) was nothing more than a rubber stamp of Petitioner's prior failure to receive bond. (ECF No.

- 1 -

7.) Thus, Petitioner requests that he be immediately released or that this Court hold a bond hearing. (*Id.*) The Government responds that the Motion should be denied because Petitioner has failed to exhaust his administrative remedies, and that the Immigration Judge fully complied with this Court's judgment. (ECF No. 9.) This Court agrees. Thus, the Court **DENIES** the Motion to Enforce Judgment.

## I.    ANALYSIS

First, the Immigration Judge did comply with the Court's original Order. Specifically, the Court ruled:

> The Court **ORDERS** that Petitioner Abdoul Rahimy Bah be granted a bond hearing before an Immigration Judge within 7 days of today's date. The Government has the burden of proof at that hearing to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk such that no amount of bond or monitoring can protect the public or ensure his appearance at future proceedings.

(ECF No. 5.) This Order was followed. The Immigration Judge held a bond hearing six days after the Court's original order, and at the hearing, the Immigration Judge found that "the Department [of Homeland Security] has shown, by clear and convincing evidence, that [Petitioner] poses a risk of flight." (ECF No. 9-1.) Thus, to the extent Petitioner argues the Immigration Judge applied the incorrect burden of proof, that is belied by the record.

Additionally, the Immigration Judge specifically analyzed the factors under *Guerra*, finding Petitioner lacked community ties, had no actual address in the United States, had no work history in the United States, and entered the country illegally in violation of immigration laws. (ECF No. 9-1.) *See Guerra*, 24 I. & N. Dec. at 40–41 ("An Immigration Judge has broad discretion in deciding the factors that [s]he may consider in custody redeterminations . . . [a]ny evidence that is probative and specific can be considered."). The Immigration Judge also noted that the Presiding Judge had made a finding of adverse credibility against Petitioner, and that he does not have a strong likelihood of success on the merits of his underlying asylum petition. (*Id.*)

26cv1453

Finally, Petitioner argues that the Immigration Judge simply rubber-stamped the original decision to deny Petitioner bond. (ECF No. 7.)    Petitioner has the option of appealing this decision to the Board of Immigration Appeals ("BIA"), but instead, he elected to appeal directly to the district court.

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).  Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga v. Chertoff*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional.").  "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998.  Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable injury will result" if petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

Petitioner in this case has failed to exhaust his administrative remedies.  He had the option to appeal his bond denial to the BIA and has failed to do so.  Although this is a prudential requirement, requiring appeal to the BIA makes sense.  The BIA is there for a reason—it provides agency expertise helpful to determine whether bond in a given case is warranted.  If, as Petitioner argues, the Immigration Judge made a rogue decision, appealing to the BIA allows the agency to correct its own mistakes and precludes the need for judicial review.  And finally, direct appeal to the district court encourages deliberate bypass of an administrative scheme.  *See Puga*, 488 F.3d at 815 (listing reasons for requiring administrative exhaustion).  Petitioner fails to argue any grounds for waiving the

26cv1453

exhaustion requirement.  Thus, the Court finds appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.

## II.    CONCLUSION

Because Petitioner has failed to demonstrate that the Immigration Judge did not follow this Court's order, and because Petitioner failed to exhaust his administrative remedies by appealing his bond determination to the BIA, the Court **DENIES** the Motion to Enforce Judgment.  (ECF No. 7.)  This case shall remain closed.

**IT IS SO ORDERED.**

**DATED: April 28, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv1453